1252 

BLANCHARD SECURITIES, INCORPORATED, PLAINTIFF-APPELLANT, v. THE BONNELL COMPANY, FORMERLY BONNELL MOTOR CAR COMPANY, INCORPORATED, AND HILLAS MOTOR CAR COMPANY, DEFENDANTS-APPELLEES.

Argued October 6, 1931—Decided November 18, 1931.

Before Justices CAMPBELL, LLOYD and BODINE.

For the appellant, Saul & Joseph E. Cohn.

For the appellees, Frank W. Long.

PER CURIAM.

These are appeals from judgments in three suits in the District Court, all based upon the same facts, conditions and proofs.

A greater part, if not all of the facts, are not in dispute.

On October 23d, 1925, Blanchard Securities, Incorporated, leased certain lands and appurtenances to Bonnell Motor Car Company, Incorporated, from January 1st, 1926, to December 31st, 1930, at an annual rental of $4,000 payable in monthly installments of $333.33 on the first business day of each month in advance.

By paragraph 10 of such lease it was provided that the lessee, Bonnell Company, should have the right to sublet or underlet such premises and the lessee agreed not to assign the lease; that upon subletting or underletting the sublessee

or underlessee would assume in writing the terms of the lease and that an original agreement of that character would be delivered to the lessor prior to the beginning of the occupancy by such sublessee or underlessee and that none of the liabilities of the original lessee should "be minimized, modified or impaired by virtue of any sublease or underlease created by it."

On October 23d, 1925, the original lessee, Bonnell Motor Car Company, sublet the whole premises to the Hillas Motor Car Company for the balance of the term and on October 25th, 1927, the Hillas Motor Car Company so advised the landlord, Blanchard Securities, Incorporated, and agreed to "assume the provisions of all the terms of said lease."

On March 1st, 1929, Hillas Motor Car Company sublet the premises in question to John J. Leahy, trading as Leahy Motor Car Company for the period commencing March 1st, 1929, and terminating March 31st, 1931.

Now the original lease to Bonnell Company was for a period of five years and would have terminated December 31st, 1930, had the building being erected at the date of the leasing been completed by January 1st, 1926, but in the event that it was not completed then the term of five years was to run from the date of such completion. Apparently the building was not completed until March 15th, 1926, and therefore the term of the lease extended to March 15th, 1931.

The result was that the subletting by the subtenant, Hillas Motor Car Company to Leahy, over-rode and extended beyond the term of the original lease from March 15th, 1931, to March 31st, 1931.

On April 18th, 1929, Blanchard Securities, Incorporated, gave its consent to such subletting by Hillas Motor Car Company to Leahy Motor Car Company "provided, however, that this does not in anyway release the Bonnell Motor Car Company from their lease with us herein referred to, neither the Hillas Motor Car Company from the provisions of this lease they assumed when the Bonnell Motor Car Company sublet the premises to them."

On February 18th, 1931, the Blanchard Securities, Incor-

porated, agreed with Leahy Motor Car Company to "rent to you the service station * * * on a month to month basis, starting from April 1st, 1931, at a monthly rental of $150 * * *."

It appears that such agreement was never executed or carried out.

On March 24th, 1931, the Hillas Motor Car Company paid Blanchard Securities, Incorporated, $166.67 rental to March 15th, 1931.

Suit was commenced April 1st, 1931, by Blanchard Securities, Incorporated, against both Bonnell Motor Car Company and Hillas Motor Car Company for $333.33 for rental for the premises from March 15th, 1931, to April 15th, 1931, upon the theory that they were holding over and occupying the premises beyond the term of their lease.

Upon the trial of this suit judgment was rendered against the plaintiff and in favor of the Bonnell Company and in favor of the plaintiff and against the Hillas company for $166.67 for possession of the premises from March 15th to March 31st, 1931. The court finding as a matter of fact: "Before March 15th, plaintiff knew that Bonnell Motor Car Company did not intend to renew its lease and knew that Hillas Motor Car Company had made a lease to Leahy that purported to expire March 31st, and knew that Hillas Motor Car Company would not occupy the premises after March fifteenth. Plaintiff and Leahy before March fifteenth knew that Leahy would not stay in possession of the premises after March fifteenth to March thirty-first, after which Leahy remained in possession under some arrangement with the plaintiff."

Subsequently suit was brought to recover the rent from April 15th, 1931, to May 15th, 1931, and still subsequently another or third suit was brought to recover the rent from May 15th, 1931, to June 15th, 1931.

The trial proceeded under the first action before referred to and in accord with the finding therein the trial judge in the two actions last referred to found against the plaintiff and in favor of the defendants and judgments to that effect were accordingly entered.

From all three judgments the plaintiff below appeals and urges three grounds for reversal:

1. The court erred in rendering judgment in favor of the defendant the Bonnell Company, and against the plaintiff in all three cases because the Bonnell Company was liable as a hold-over tenant by reason of the possession of the demised premises after March 15th, 1931, by the sublessee of said defendant's sublessee, and the plaintiff's election to so hold the defendants while said possession continued.

2. The court erred in rendering judgment in favor of the defendant the Bonnell Company and against the plaintiff in all three cases because under its lease with the plaintiff said defendant agreed that none of its liabilities under said lease should be minimized, modified or impaired by virtue of any sublease or underlease created by it.

3. The court erred in rendering judgment in favor of the Hillas Motor Car Company in the last two cases herein referred to because said defendant assumed all the terms and provisions of the main lease.

We think that no one of these grounds has factual or legal substance.

Point 1, above referred to, is without merit because the Bonnell Company did not sublet beyond the term of its lease.

Points two and three are likewise without merit because there were proofs upon which the court below could and did find that the plaintiff-appellant did not recognize and act toward the Hillas company as a tenant after March 31st, 1931. Such finding of fact is not reviewable here.

The judgments under review will be affirmed, with costs.